UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

           v.

FELIPE CONFESOR ALMONTE-POLANCO,

                              Defendant.
_____

DECISION AND ORDER

18-CR-6125L

        Defendant, Felipe Confesor Almonte-Polanco, is charged in multiple counts in a Superseding Indictment with making false statements, using false documents, aggravated identity theft and being a felon in possession of ammunition. An Order of Detention based on risk of flight and non-appearance was entered by U.S. Magistrate Judge Marian W. Payson (Dkt. #6) and reconfirmed by U.S. Magistrate Judge Jonathan W. Feldman (Dkt. #70). Both detention orders were affirmed by this Court (Dkt. #23, #81), and defendant remains detained.

        Various motions were filed by defendant's prior attorney, Jon Getz, Esq.[1] Defendant has also filed numerous motions and documents, *pro se*, both in response to the Government's filings and otherwise.[2]

        This Court referred counsel's motions to then-Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Judge Feldman decided many of the motions in an oral decision

---

[1] Defendant has had perceived issues with prior counsel and his current counsel, Avik Ganguly, Esq., is his third CJA-appointed counsel.

[2] Because defendant is represented by counsel, the Court is not obligated to consider *pro se* filings although the Magistrate Judge agreed to do so, and this Court will as well, as to the current motions.

on October 2, 2019.  The transcript of that proceeding (Dkt. #108) is available and has been reviewed.  When Judge Feldman retired, the pending pretrial matters were referred to Judge Feldman's successor, U.S. Magistrate Judge Mark W. Pedersen.

Several motions remained outstanding, including suppression motions relating to items seized on July 23 and July 24, 2018 from defendant, and the suppression of items recovered from an apartment at 113 Lyell Avenue, Rochester, New York on July 28, 2018 pursuant to a search warrant issued by a Monroe County Court judge.  Defendant also requested a so-called *Franks* hearing[3] relative to Rochester Police Department ("RPD") Investigator Cynthia Muratore's affidavit in support of the Monroe County Court search warrant.

Magistrate Judge Pedersen has issued a thorough 22-page Report and Recommendation ("R&R") (Dkt. #107) recommending that this Court deny the several motions to suppress together with the *Franks* hearing request.  Both defense counsel (Dkt. #111) and defendant, *pro se*, (Dkt. #115) filed Objections to the R&R.  The Government responded (Dkt. #119) to those Objections.  A decision on these objections to the R&R are now before this Court.

In addition, both while the motions to suppress were pending before the Magistrate Judge and after issuance of the R&R, defendant filed several motions *pro se*, including a *pro se* motion to modify the detention order and release the defendant because of the COVID-19 pandemic (Dkt. #100, #103, #105).  Magistrate Judge Pedersen denied that motion by decision filed May 5, 2020 (Dkt. #112).  Both counsel (Dkt. #117) and defendant *pro se* (Dkt. #118) have appealed that decision and order.  That appeal is also now pending before this Court.

Thereafter, defendant, *pro se*, filed additional motions and requests which will be addressed below.

---

[3] *United States v. Franks*, 438 U.S. 154 (1978).

MOTIONS TO SUPPRESS

Magistrate Judge Pedersen's R&R put forth the numerous items and filings that he reviewed in considering the motions (R&R, Dkt. #107, p.4). This Court has reviewed the same items.

I have considered all of the contentions made by defendant's counsel, as well as the objections raised by the defendant himself in his *pro se* filings. As discussed infra, after thorough review, I find no basis to alter or modify the R&R of Magistrate Judge Pedersen and find no basis to suppress the evidence found and no basis to overturn Magistrate Judge Pedersen's determination that no *Franks* hearing was warranted in this case.

July 23, 2018 – Evidence Seized from Defendant

Rochester Police Department Officer William Baker obtained a Monroe Community College student ID from defendant in the name of Manual Soto Torres. Defendant claimed he was Torres. It is now clear that was a lie and he is not Torres.

Judge Pedersen accurately described the circumstances surrounding Baker's encounter with defendant and two other men who were "hanging out" on a parking lot railing in front of World Wide News, 125 St. Paul Street, Rochester, New York.

Officer Baker was on bicycle patrol and approached the trio, engaging them in light conversation about the weather, and their activities. At some point early in the encounter, Baker asked for some identification and received it from the three men, including defendant who produced a Monroe Community College identification. The officer's encounter was not purely random. As he explained to the trio, there had been a threatened shooting an hour earlier near that location and the police were "hitting the area." Soon other matters developed from this brief initial

encounter. I agree with Judge Pedersen that this initial encounter by Officer Baker with the three men did not constitute an arrest or seizure. Officer Baker was certainly entitled to do precisely what he did.

After the initial encounter, Officer Baker engaged in conversation with a police dispatcher and another officer. Baker was advised that there had been a report that a man fitting defendant's description was selling illegal cigarettes at the location from his automobile. Baker also warned defendant and the others that if they were "lying" about their identification, they could be arrested.

Apparently, Officer Baker had conversations with Investigator Muratore who was familiar with defendant and had previously issued an Officer Awareness Bulletin a few weeks prior describing defendant as using the alias Manual Soto Torres and describing his significant drug activities and connection with acts of violence. At this point, it appeared clear that Baker, based on information he had received from fellow officers, had reasonable suspicion that Almonte-Polanco was not Manual Soto Torres. But, it is also clear that at the initial encounter, defendant was not under arrest. He was not handcuffed, no weapons were displayed and he was allowed to openly engage in conversation with others in the area.

Eventually Baker indicated to the defendant that he wanted to do a fingerprint check using a portable fingerprint scanner to verify his identification. By all accounts, defendant "adamantly" refused to cooperate in that venture and was then placed in a police cruiser and transported to the Rochester Police Department headquarters where he was apparently met by Investigator Muratore who formally arrested and charged defendant and, incident to that arrest, searched the defendant and found several incriminating documents all in the name of Manual Soto Torres.

I agree with Magistrate Judge Pedersen that defendant was not initially in custody or placed under arrest when Baker obtained the initial Monroe Community College identification document.

That action was proper and there is no basis to suppress the identification document.  Then, as sometimes happens with police encounters, further evidence is developed leading to a reasonable basis to detain and arrest a defendant.  That is precisely what occurred here and I agree with Magistrate Judge Pedersen that there is no basis to suppress the items seized on July 23, 2018 when defendant was arrested and searched by Muratore.

Although a motion was also made to suppress items seized from defendant when he was stopped in connection with the July 24, 2018 arrest in his vehicle by agents from the Department of Homeland Security, the Government has represented that it does not intend to utilize at trial any evidence seized during that encounter.  Therefore, the motion to dismiss is moot.

Search Warrant for 113 Lyell Avenue, Rochester, New York

Counsel for defendant also claims that items seized pursuant to a search warrant obtained July 28, 2018 should be suppressed.  The argument is contained in a single paragraph (Dkt. #111) in counsel's objection to the R&R claiming there is "insufficient nexus" between the defendant and the 113 Lyell Avenue address.

The affidavit of Investigator Muratore is attached to the Government's Brief before the Magistrate Judge (Dkt. #51) as Exhibit B.  Investigator Muratore describes in several paragraphs her knowledge of the defendant and a request for a warrant to search for forged instruments and evidence of criminal impersonation.  Investigator Muratore advised the County Court Judge that she was aware of the defendant from a prior investigation in the vicinity of 125 St. Paul Street.  She also advised that when she arrested the defendant on July 23, 2018, she obtained many documents in the name of Manual Soto Torres.  She reported that in prior encounters with police, defendant had given his address as 113 Lyell Avenue (Dkt. #51, Ex. B).

Investigator Muratore also reported to the County Court Judge that she listened to defendant's telephone conversation from the Monroe County Jail on July 24, 2018 during which he advised friends to make arrangements to get to his apartment and to remove stuff from his bedroom. In fact, on that day a burglary was reported that someone had entered the apartment and that person, when apprehended, indicated he was directed to go there.

I believe there was ample information accurately presented to the issuing judge to warrant issuance of the Monroe County search warrant for the apartment at 113 Lyell Avenue. I believe, as did the Magistrate Judge, that the information contained in the supporting affidavit established probable cause that criminal activity and evidence of it would be discovered at the apartment.

When the officers arrived to execute the warrant, they found a safe which had been pried open and its paper contents had been removed. However, the officers did find ammunition which is the basis for one of the counts in the Indictment, possession of ammunition by a convicted felon.

## DEFENDANT'S *PRO SE* MOTION FOR RELEASE DUE TO COVID-19 PANDEMIC

Defendant moved for release from the Livingston County Jail where he has been detained based on the COVID-19 pandemic. Magistrate Judge Pedersen entered a Decision and Order (Dkt. #112) on May 5, 2020 denying release. The denial was based on the lack of medical evidence supporting defendant's claimed susceptibility to being infected, as well as the steps taken by the jail to combat the virus. Both defense counsel (Dkt. #117) and defendant (Dkt. #118) objected to that Decision and appealed to this Court.

This Court has dealt with many motions for compassionate release caused by the pandemic. In this case though I agree with the Magistrate Judge that there is no sound medical basis or legal basis to release the defendant on account of the virus, especially in light of the detention order

approved by several Magistrate Judges and confirmed and approved by this Court. Therefore, I deny defendant's appeal from Magistrate Judge Pedersen's Order denying release on the account of the COVID-19 virus. I affirm his decision.

## DEFENDANT'S OTHER MOTIONS

In addition to the above, defendant has filed other motions and has submitted letters to the Court. For example, by what is purported to be an omnibus motion (Dkt. #123) filed June 21, 2020, well after the R&R was issued and well after the deadline for filing motions was established by the Magistrate Judges, defendant moved for various relief, including a new bail hearing, a request for a bill of particulars and a motion to dismiss the pending charges. Defendant also filed several letters complaining about various items, including the delay involving proceedings and his concern over the COVID-19 virus (Dkt. #125, #126, #127, #129, #130). The Court has reviewed and considered all of those letters and motions and all are denied.

## CONCLUSION

I accept and adopt the R&R of Magistrate Judge Mark W. Pedersen (Dkt. #107). I find no basis to alter, modify or reject the R&R. Therefore, all of defendant's motions to suppress physical evidence obtained on July 23, 2018 by Officer Baker and by Investigator Muratore during a search incident to arrest, as well as evidence obtained pursuant to a search warrant issued July 27, 2018, are in all respects DENIED.

Defendant's appeal from Magistrate Judge Pedersen's Order denying release (Dkt. #112) because of the COVID-19 pandemic is rejected and the decision is affirmed. As described above, all of defendant's other *pro se* motions (Dkt. #121, #123, #130) are DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 31, 2020.